FILED '25 AUG 8 12:01 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DR. SAAD ALVI, M.D.,

Plaintiff,

v.

ADDICTIONS RECOVERY CENTER, INC.,

an Oregon public benefit corporation,

Defendant.

Case No. 1:25-CV-01410-CL

VERIFIED COMPLAINT

FOR PROMISSORY ESTOPPEL, EQUITABLE ESTOPPEL, FIDUCIARY WASTE, BREACH OF IMPLIED COVENANT OF GOOD FAITH, AND OBSTRUCTION OF STATUTORY RIGHTS

DEMAND FOR JURY TRIAL

JUDICIAL SUMMARY

This is a nonprofit accountability case disguised as employment litigation. At its core, it concerns a physician's reliance on a $300,000 Chief Medical Officer offer extended by Addictions Recovery Center, Inc. ("ARC") and ARC's subsequent misuse of charitable resources to suppress and reverse that promise.

In December 2024, ARC extended Plaintiff, Dr. Saad Alvi, M.D., a signed executive offer. Plaintiff, a board-certified physician serving vulnerable communities, relied in good faith—resigning from a longstanding hospitalist role, pausing other job prospects, and initiating relocation.

ARC's own legal counsel initially acknowledged this reliance with a $15,000 settlement offer before reversing it to $2,500—less than ARC paid its attorneys for the letter itself. When Plaintiff attempted to notify ARC's board of directors regarding fiduciary obligations under Oregon nonprofit law, counsel dismissed it as "a waste of time."

Now, Plaintiff seeks to protect his rights under Oregon nonprofit law, enforce his reliance-based claim, and expose ARC's diversion of charitable resources for self-protection rather than mission delivery. This is not a nuisance filing. It is a governance warning.

NATURE OF THE ACTION

This action arises from:

• Defendant's written promise of a $300,000 Chief Medical Officer position;

• Plaintiff's documented reliance, including resignation from stable employment;

• Defendant's reversal and misuse of charitable funds for self-preservation litigation;

• Bad-faith settlement tactics including retroactive forum manipulation and gag clauses;

• Board negligence and fiduciary waste under ORS 65.361; and

• Suppression of legally protected governance communications.

Plaintiff seeks:

• $120,000 in conservative reliance damages,

• A judicial declaration affirming protected governance rights,

• Nonmonetary relief to prevent further misuse of public benefit assets.

I. INTRODUCTION

Plaintiff Dr. Saad Alvi, M.D., brings this Verified Complaint against ARC for:

1. Promissory Estoppel,

2. Equitable Estoppel,

3. Fiduciary Waste,

4. Breach of the Implied Covenant of Good Faith, and

5. Declaratory Relief under ORS 65.361 and 28 U.S.C. § 2201.

On December 23, 2024, ARC extended Plaintiff a signed Chief Medical Officer offer at $300,000 per year. Plaintiff accepted in writing on December 31, 2024, resigned from his hospitalist position effective August 1, 2025, and restructured his family's finances based on ARC's promise.

On July 14, 2025, ARC reversed course and withdrew the offer. Instead of resolving the matter, it initially offered $15,000, then reversed to $2,500—a nominal amount inconsistent with its prior acknowledgment.

ARC's legal team simultaneously sought to extract overbroad waivers, impose a local forum clause, and suppress protected governance communications—all while billing legal fees exceeding the amount offered to resolve the matter.

## II. PARTIES

• Plaintiff: Dr. Saad Alvi, M.D., is a board-certified Internal Medicine and Addiction Medicine Physician, a resident of Illinois, and licensed in Illinois and Oregon.

• Defendant: Addictions Recovery Center, Inc. is an Oregon public benefit corporation headquartered in Medford, Oregon.

## III. JURISDICTION AND VENUE

• Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity exists and the amount in controversy exceeds $75,000.

• Plaintiff is domiciled in Illinois; Defendant is based in Oregon.

• In the alternative, jurisdiction lies under 28 U.S.C. § 1331, due to federal protections against whistleblower retaliation.

• Venue is proper in the District of Oregon, Medford Division under 28 U.S.C. § 1391(b)(1) and (2).

## IV. FACTUAL BACKGROUND

1. The Offer: ARC extended a signed CMO offer on December 23, 2024.

2. Acceptance: Plaintiff accepted on December 31, 2024.

3. Reliance: Plaintiff resigned, restructured income planning, paused competing offers, and began relocation preparations.

4. Withdrawal: ARC rescinded the offer in mid-2025 with no mitigation or restitution.

5. Bad-Faith Settlement: ARC offered $15,000 in July 2025, then slashed it to $2,500 days later.

6. Suppression Tactics: ARC proposed a $20,000 confidentiality penalty, a Jackson County forum clause, and sweeping waivers.

7. Obstruction of Governance Rights: ARC's counsel dismissed Plaintiff's ORS 65.361 letters as "a waste of time."

8. Diversion of Funds: ARC diverted more to its own attorneys than the full value of Plaintiff's claim, while branding itself as a "community-centered" nonprofit.

9. Plaintiff's Good Faith Efforts: Between July 29 and August 4, 2025, Plaintiff engaged in good-faith communications with ARC's counsel. The escalation to federal litigation only followed ARC's final refusal to engage in meaningful dialogue.

## COUNT I — PROMISSORY ESTOPPEL

• Promise: ARC's CMO offer.

- Reasonable Reliance: Plaintiff resigned and altered his career trajectory.

- Foreseeability: ARC knew a physician would materially rely.

- Injustice: ~$117,225 in direct economic harm.

See Neiss v. Ehlers, 135 Or. App. 218 (1995); Cowan v. Prescott, 106 Or. App. 447 (1991).

A fake sense of "no reasonable reliance" because the offer had a start date far in the future or no "employment agreement."

COUNT II — EQUITABLE ESTOPPEL

Even if ARC disputes contractual intent, it is equitably estopped from denying liability after inducing Plaintiff's reliance. Under Oregon law, silence, delay, or reversal after such inducement creates actionable harm.

COUNT III — BREACH OF IMPLIED COVENANT OF GOOD FAITH

Oregon law recognizes a duty of good faith and fair dealing once reliance is induced. ARC's reversal and settlement conduct violated this standard.

COUNT IV — FIDUCIARY WASTE AND BOARD NEGLIGENCE (ORS 65.361)

- ARC's board had a statutory duty to evaluate credible governance reports.

- It diverted charitable assets to suppress accountability.

- Such conduct constitutes fiduciary waste and creates exposure under ORS 65.361.

See also IRS Rev. Rul. 69-383 (private inurement guidance).

COUNT V — DECLARATORY RELIEF

Plaintiff seeks a declaration under 28 U.S.C. § 2201 affirming:

- That his July 2025 governance communications were lawful,

- Protected under ORS 65.361,ORS 65.357•

STATEMENT OF PLAINTIFF'S INTENT

Plaintiff brings this action not for retribution, but to affirm the importance of ethical leadership within nonprofit organizations. As a physician committed to vulnerable populations, Plaintiff seeks no windfall—only a correction that aligns with ARC's own stated values of integrity and community accountability.

DAMAGES

- Economic Damages: ~$117,225 in lost wages, relocation costs, and insurance gaps.

- Career Impact: Delayed executive entry, reputational harm, and loss of advancement opportunities.

- Good Faith Limitation: Plaintiff caps his request at $120,000 to avoid any appearance of excess.

Plaintiff remains open to early resolution consistent with the values of restorative justice, community preservation, and nonprofit ethics. He respectfully urges this Court to preserve jurisdiction while the parties explore alternatives to prolonged litigation.

This is not a personal injury multiplier. It is a narrow governance-based correction.

NONPROFIT CONTEXT AND PUBLIC INTEREST

This case implicates nonprofit governance failures that warrant judicial oversight.

This is not a commercial employment dispute. It is a targeted appeal for accountability when public-benefit assets are used to shield leadership from the consequences of broken promises.

ARC's conduct raises serious questions of:

- Private inurement,

- Diversion of charitable funds,

- Whistleblower suppression,

- Board-level negligence, and

- Public trust erosion.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award reliance damages in the conservative amount of $120,000 — reflecting only out-of-pocket losses and delayed income — or such other amount as the Court deems equitable;

2. Declare that Plaintiff's governance communications were lawful and protected;

3. Enjoin Defendant from retaliating against whistleblower communications under Oregon law;

4. Reserve jurisdiction to award attorney's fees and costs upon a showing of bad-faith litigation conduct;

5. Grant equitable relief to ensure ARC's compliance with nonprofit law and protect donor intent;

6. Award such other relief as the Court deems just and proper.

## CONCLUSION

This case is not merely about employment. It is about the integrity of Oregon's nonprofit sector and the public's trust in its charitable institutions.

The plaintiff does not seek retribution. He seeks resolution—for himself, for other whistleblowers, and for the donors and stakeholders who believe Oregon charities must act in good faith.

Defendant's reversal, suppression tactics, and misuse of counsel justify judicial intervention—not just to remedy personal harm, but to prevent future governance abuse.

Respectfully submitted,

Dr. Saad Ali, M.D.    08/06/2025

Pro Se Plaintiff